## EL PUEBLO *v.* BOSCH.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 56.—Resuelto en mayo 2, 1904.

ACUSACIÓN—TESTIGOS.—El Fiscal debe fundar su acusación en las declaraciones de testigos examinados por él bajo juramento; y la circunstancia de que uno de los testigos de cargo no haya sido examinado en esa forma, no es suficiente para estimar que los demás no lo fueran, siendo de presumir, a falta de prueba en contrario, que los testigos han sido examinados bajo juramento por el Fiscal.

APELACIÓN—PRUEBAS.—El Tribunal Supremo no puede considerar en la apelación
   ningún elemento probatorio que no haya sido sometido a la consideración del
   tribunal sentenciador.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del tribunal:

La presente es un recurso de apelación interpuesto contra sentencia condenatoria del demandado por la Corte de Distrito de Ponce, en el día 4 de mayo de 1903, por la cual el acusado, Enrique Bosch, fué declarado culpable del delito de negociaciones prohibidas, definido en la sección 205 del Código Político y penado bajo la sección 86 del Código Penal, y condenado al pago de una multa de $200, la que debería extinguirse en la cárcel de Ponce, si no la satisficiere, a razón de un día por cada dólar, y al pago de las costas, quedando para siempre inhabilitado para ejercer cargo público. Contra esta sentencia de la corte de distrito, el demandado interpuso recurso de apelación para ante esta Suprema Corte, y le fué exigida una fianza de $1,000, pendiente la apelación.

Durante el curso del juicio el demandado presentó la siguiente excepción perentoria:(*)

"Al Honorable Tribunal de Justicia del Distrito.

"Enrique Bosch, acusado en causa criminal por el supuesto delito de negociaciones prohibidas o ilícitas, ante V. H., respetuosamente, parezco asistido del letrado que suscribe, y dice: Que habiéndosele concedido el término de cinco días para contestar la acusación, pone reparos a la misma por el hecho y razón jurídica que sigue: Hecho: El Sr. Fiscal en su acusación establece la presente en virtud del testimonio de testigos que han jurado los cargos ante él, y siendo uno de dichos testigos la Sra. Maude C. Hill, resulta que aquella afirmación del Fiscal no es exacta, pues que la firma de dicho funcionario no aparece en la declaración de la testigo. Derecho. El acusado podrá poner reparos a la acusación cuando no se ajustare ella en su fondo a los requisitos establecidos en el artículo 72 (artículo 153 circunstancia

1ª. de la Ley de Enjuiciamiento Criminal). Dicho artículo 72 exige que presente la acusación, tomando como base la declaración jurada ante el Fiscal, de los testigos. Solicito hacer prueba de los hechos y suplico a V. H. se sirva oir las objeciones aducidas cuando tenga a bien, y dar lugar a la excepción.''

Esta excepción fué discutida ante la corte, pro y con, y fué desestimada; contra esta decisión de la corte el abogado defensor del demandado reservó una excepción, con el fin de que la misma pudiera presentarse a este tribunal. El demandado, en debida forma, interpuso recurso de apelación, el que fué admitido por la corte de distrito, y los autos fueron enviados debidamente al mismo.

No habiendo comparecido el abogado defensor del demandado en esta corte, la causa fué sometida por alegato, y por argumento verbal del Fiscal, celebrándose el juicio de la misma en 20 de abril, ante el tribunal entero.

La acusación presentada por el Fiscal fué, en efecto, como sigue, a saber:

''En el nombre y por la autoridad del Pueblo de Puerto Rico. El Pueblo de Puerto Rico contra Enrique Bosch. En la Corte de Distrito de Ponce a 31 de enero de 1903. El Fiscal formula acusación contra Enrique Bosch por el delito de negociaciones ilegales comprendido en los artículos 86 y 94 del Código Penal, cometido como sigue: En el mes de agosto de 1902, en el pueblo (*) de Adjuntas, Distrito Judicial de Ponce, Doña Pilar Rivera, viuda de Aparicio, que tenía alquilada una casa para escuela a la junta escolar de dicho pueblo, convino con Don Enrique Bosch, secretario de dicha junta, en recibir 100 pesos: $50 en efectivo y $50 en un caballo, por la cesión que a dicho acusado hizo de su derecho a percibir los alquileres de los meses de agosto, septiembre, octubre y noviembre, ascendentes a $60 los dos primeros y $100 los dos últimos, en total, $160, entregándole al efecto los libramientos correspondientes a dichos meses con el correspondiente recibo firmado; operación que voluntaria e ilegalmente celebró dicho Bosch en contravención al artículo 205 del Código Político. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad del Pueblo de Puerto Rico. J. Tous, Fiscal de Distrito. La acusa-

ción que antecede está basada en el testimonio de testigos examinados por mí bajo juramento, creyendo solemnemente que existe justa causa para presentarla al tribunal.  J. Tous, Fiscal de Distrito.''

Por supuesto, la ley requiere que el Fiscal base su acusación sobre el testimonio de testigos que han sido debidamente juramentados ante él, pero aun si fuera el caso que la Srta. Maude C. Hill, una de los testigos, no había sido juramentada, hay cuatro, además de ella, que fueron presentados, y que declararon en el juicio, los que probablemente fueron juramentados, según certifica el Fiscal y a falta de prueba en contrario, es de presumirse que estos testigos declararon ante el Fiscal después de haber sido debidamente juramentados, y que la acusación fué basada en el testimonio de los mismos.

Por esta razón, la providencia de la corte de distrito, desestimando la objeción a la acusación fué correcta, y la acusación era suficiente.  No se presentó otro argumento alguno, ni en la corte inferior, ni en esta suprema, a favor del acusado, y un examen cuidadoso de los autos no demuestra error material alguno.  Los hechos de esta causa, que son incontestados, según fueron consignados por la corte sentenciadora, son como sigue:(*)

''En el mes de agosto de 1902, en el pueblo de Adjuntas, Distrito Judicial de Ponce, Doña Pilar Rivera viuda de Aparicio, que tenía alquilada una casa para escuela a la junta escolar de dicho pueblo, convino con Don Enrique Bosch, secretario de dicha junta, en recibir $100: $50 en efectivo y $50 en un caballo, por la cesión que a dicho acusado hizo de su derecho a percibir los alquileres de los meses de agosto, septiembre, octubre y noviembre, ascendentes a $60 los dos primeros y $100 los dos últimos, en total $160, entregándole al efecto los libramientos correspondientes a dichos meses con el correspondiente recibo firmado; operación que voluntaria e ilegalmente celebró dicho Bosch en contravención al artículo 205 del Código Político.''

Revisando todas las secciones de los códigos que se refieren a este caso, a saber: Secciones 72, 153 y 347 del Código de

424

Enjuiciamiento Criminal, sección 86 del Código Penal en conexión con la 205 del Código Político, y aplicándolas a los hechos del caso, según están consignados en la sentencia de la corte, es inevitable la conclusión que el demandado es culpable del delito del cual fué convicto, y debe castigarse.

El Letrado Don Manuel F. Rossy, en nombre del acusado, ha presentado a esta Corte Suprema una certificación con ánimo de exculpar a su defendido, pues tal documento no puede considerarse, por no formar parte de los que tuvo en cuenta el tribunal de Ponce, al dictar el fallo recurrido.

Por las razones expuestas, y porque no aparece error alguno en los trámites, ni en la sentencia de la corte inferior, la sentencia en esta causa se confirma por la presente.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Sulzbacher.(*)